JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:10-cv-07468-JHN-FMOx | Date | December 7, 2010 |
|---|---|---|---|
| Title | Aurora Loan Services LLC v. Myo Soon Seol and Kum Soo Seol | | |

| Present: The Honorable | JACQUELINE H. NGUYEN | |
|---|---|---|
| Alicia Mamer | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not present | | Not present |

**Proceedings:** ORDER GRANTING PLAINTIFF'S MOTION TO REMAND AND REMANDING CASE TO THE LOS ANGELES COUNTY SUPERIOR COURT  (In Chambers)

## I. Background

   Plaintiff filed an action against Defendants for unlawful detainer in state court on August 18, 2010.  Defendants filed an Answer in state court on August 20, 2010.  On October 6, 2010, Defendants removed this action to federal court.  On October 22, 2010, Defendants filed a Cross-Complaint against various defendants.  (Docket No. 4.)  Plaintiff filed an Amended Motion to Remand ("Motion") (docket No. 7) on November 5, 2010.  Defendant filed no opposition.  The Court has considered the Motion and deems the matter appropriate for decision without oral argument.  *See* Fed. R. Civ. P. 78(b); Local Rule ("L.R.") 7-15.  Accordingly, the hearing scheduled for December 13, 2010, is removed from the Court's calendar.

   For the reasons herein, the Court GRANTS the Motion and remands the action to the Superior Court of the State of California, County of Los Angeles, California.

## II. Legal Standard

   Removal to federal court is governed by 28 U.S.C. § 1441, which in relevant part states that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants."  28 U.S.C. § 1441(a).  However, the Court may remand a case to state court for lack of subject matter jurisdiction.  28 U.S.C. § 1447(c).  "The burden of establishing federal jurisdiction is on the party invoking federal jurisdiction."  *U.S. v. Marks*, 530 F.3d 799, 810 (9th Cir. 2008).

   Under 28 U.S.C. § 1331, the Court has original jurisdiction over civil actions "arising under" federal law.  "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."  *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).  The only exception to this rule is where plaintiff's federal claim has been disguised by "artful pleading," such as where the only claim is a state claim preempted by federal law.  *Sullivan v.*

JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:10-cv-07468-JHN-FMOx | Date | December 7, 2010 |
|---|---|---|---|
| Title | Aurora Loan Services LLC v. Myo Soon Seol and Kum Soo Seol | | |

*First Affiliated Sec., Inc.*, 813 F. 2d 1368, 1372 (9th Cir. 1987).  "This is consistent with the rule that jurisdiction cannot be based on a federal defense." *Id.*

Under 28 U.S.C. § 1332, the Court also has original jurisdiction over civil actions where there is complete diversity of citizenship and the amount in controversy exceeds $75,000.  *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001).

**III.    Discussion**

The Court lacks jurisdiction to hear this case.  First, Defendants' removal is untimely.  Defendants had notice of the matter at least since August 20, 2010, when they filed an Answer.  Yet, they did not remove this matter until October 6, 2010, well after the thirty-day requirement.  *See* 28 U.S.C. § 1446(b) (notice of removal must be filed 30 days after defendants' receipt of initial pleading).  Second, the Complaint's sole cause of action is for unlawful detainer, a state law cause of action.  No federal question is presented on the face of the Complaint, nor has a federal claim been disguised by artful pleading.  Finally, although Defendants claim that the Court has diversity jurisdiction over this action, the parties are not citizens of different states.  Here, Defendants allege that both Plaintiff and Defendants are citizens of California.  (Notice of Removal ¶ 16.)  Moreover, the Complaint explicitly states that the amount demanded does not exceed $10,000.  Thus, Defendants have failed to establish diversity jurisdiction.

**IV.    Conclusion**

**For these reasons, the Court GRANTS the Motion (Docket No. 7) and remands the case to the Superior Court of the State of California, County of Los Angeles, California.**

IT IS SO ORDERED.

|                     |     | :   | N/A |
|---|---|---|---|
| Initials of Preparer |     | AM  |     |